UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNA BOWER, BENJAMIN WITTES, and AMERICAN CIVIL LIBERTIES UNION,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES SOCIAL SECURITY ADMINISTRATION, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>*Defendants*. | No. 1:25-cv-2713 |

### DECLARATION OF THERESA J. LEE

Pursuant to 28 U.S.C. § 1746, I, Theresa J. Lee, hereby declare as follows:

1. I am an attorney with the American Civil Liberties Union Foundation, where I am a Senior Staff Attorney in its Voting Rights Project. I am counsel to Plaintiffs in the above-entitled action. I make this declaration based on my personal knowledge and review of relevant files.

2. Plaintiff Anna Bower is a Senior Editor at *Lawfare*, a non-profit, non-partisan media organization dedicated to legal news and analysis. At *Lawfare*, Ms. Bower's reporting focuses on issues related to democracy and the rule of law, election law, and election security. Her professional biography is available at https://www.lawfaremedia.org/contributors/abower.

3. Plaintiff Benjamin Wittes is editor in chief of *Lawfare*, which he co-founded in 2010. In his own writing, he covers a range of issues related to the intersection of law and national security. In particular, he has written extensively about constitutional and separation of powers issues in connection with a range of President Trump's executive orders and administrative actions

1

in 2025. His professional biography is available at https://www.lawfaremedia.org/contributors/bwittes.

4. The American Civil Liberties Union (ACLU) is a non-profit, 26 U.S.C. § 501(c)(4) membership organization that educates the public about the civil liberties implications of government policies and practices and pending and proposed state and federal legislation, provides analysis of pending and proposed legislation and Executive Branch policies and practices, directly lobbies legislators and government officials, and mobilizes its members to communicate with elected and appointed officials.

5. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU's work.

6. The ACLU is incorporated in the District of Columbia and has its principal place of business in New York City.

7. On June 23, 2025, Plaintiffs submitted FOIA Requests to four agencies: Defendant U.S. Citizenship and Immigration Services, Defendant U.S. Social Security Administration, the Department of Homeland Security, and the U.S. DOGE Service, seeking information related to the SAVE program and other federal databases.

8. The Request to USCIS sought "records for the period beginning at noon Eastern Standard Time on January 20, 2025—including but not limited to written communications (including but not limited to messages sent via email, SMS message, iMessage, Slack, Microsoft Teams, WhatsApp, Signal, or other platforms) and memoranda—concerning or referencing:"

(1) Any changes made to the SAVE database since January 20, 2025, including but not limited to the addition of any categories of information, the ability to query the database by anything other than an Alien number, and the ability to query the database for more than one record at a time;

(2) Any federal agencies that were authorized or permitted to access or use data maintained by the federal government to make changes to the SAVE database;

(3) Any specific federal employees or contractors who were authorized or permitted to access or use data maintained by the federal government to make changes to the SAVE database;

(4) Any steps taken to comply with Section 2 of Executive Order No. 14,248 (Mar. 25, 2025);

(5) Any activity related to the updates described in USCIS Press Release: U.S. Citizenship & Immigration Servs., USCIS Deploys Common Sense Tools to Verify Voters (May 22, 2025), https://www.uscis.gov/newsroom/news-releases/uscis-deploys-common-sense-tools-to-verify-voters;

(6) Any communications with other federal agencies regarding the compilation of data that can be used for voter roll list maintenance;

(7) Any contact with an official of a state government, including but not limited to Florida, Iowa, Louisiana, Mississippi, Ohio, and Texas, regarding any data that can be used for voter roll list maintenance or is otherwise related to voter roll list maintenance;

(8) Any communications with members or representatives of the Election Integrity Network, including but not limited to Cleta Mitchell.

A true and correct copy of the Request to USCIS is attached as Exhibit A to this Declaration.

9.      The Request to SSA sought "records for the period beginning at noon Eastern Standard Time on January 20, 2025—including but not limited to written communications (including but not limited to messages sent via email, SMS message, iMessage, Slack, Microsoft Teams, WhatsApp, Signal, or other platforms) and memoranda—concerning or referencing:"

(1) Any federal agencies other than the SSA that were authorized or permitted to access or use data maintained by the SSA to make updates to the SAVE database or otherwise in relation to voter roll list maintenance;

(2) Any specific federal employees or contractors who were authorized or permitted to access or use data maintained by the SSA to make updates to the SAVE database or otherwise in relation to voter roll list maintenance;

3

(3) Any steps taken to comply with Section 3 of Executive Order No. 14,248 (Mar. 25, 2025).

(4) Any changes made to the SAVE database since January 20, 2025, including combining or matching data maintained by the SSA with that maintained in the SAVE database;

(5) Any activity related to the updates described in USCIS Press Release: U.S. Citizenship & Immigration Servs., USCIS Deploys Common Sense Tools to Verify Voters (May 22, 2025), https://www.uscis.gov/newsroom/newsreleases/uscis-deploys-common-sense-tools-to-verify-voters;

(6) Any communications with other federal agencies regarding the compilation of data that can be used for voter roll list maintenance;

(7) Any contact with an official of a state government, including but not limited to Florida, Iowa, Louisiana, Mississippi, Ohio, and Texas, regarding any data that can be used for voter roll list maintenance or is otherwise related to voter roll list maintenance;

(8) Any communications with members or representatives of the Election Integrity Network, including but not limited to Cleta Mitchell.

A true and correct copy of the Request to SSA is attached as Exhibit B to this Declaration.

10. In a June 23, 2025 email, Defendant SSA acknowledged receipt of Plaintiffs' Request, and indicated that FOIA requests are centrally processed within the Office of Privacy and Disclosure. A true and correct copy of that email is attached as Exhibit C to this Declaration.

11. Since June 23, 2025, Plaintiffs have received no communication from Defendant SSA regarding the Request.

12. Defendant USCIS has never sent a communication acknowledging receipt of Plaintiffs' Request, but as it was submitted through the USCIS FOIA Portal, Plaintiffs can see that the Request remains in "received" status, with an estimated completion date of September 30, 2025. The estimated completion date has shifted further back in time at least six times when viewing the Request in the FOIA Portal. A true and correct copy of the USCIS portal reflecting this information as of August 20, 2025, is attached as Exhibit D to this Declaration.

13. On July 29, 2025, a number of groups that work to advance democracy and the right to vote, including the ACLU, submitted a letter to USCIS requesting that they be given the same presentation that reporting indicated had been given to representatives of the Election Integrity Network. A true and correct copy of that letter is attached as Exhibit E to this Declaration.

14. On August 4, 2025, USCIS's Public Engagement Division responded to this request by thanking the groups for their contact and stating, "At this time, USCIS is assessing how we can best support engagement priorities across the Department of Homeland Security and will share information about future engagement opportunities soon." The communication directed the groups to USCIS's existing external facing media channels, which do not include the briefing provided to the Election Integrity Network. A true and correct copy of the responsive email from USCIS is attached as Exhibit F to this Declaration.

15. On August 19, 2025, because no attorney for Defendants had yet entered an appearance, counsel for Plaintiffs emailed the Civil Division Chief, Office of the United States Attorney for the District of Columbia, informing him that Plaintiffs intended to file a motion for a preliminary injunction to order Defendants to process Plaintiffs' FOIA requests and produce all nonexempt records on an expedited basis. Plaintiffs sought to learn the government's position on the motion and to confer as required by Local Rule 7(m). On August 20, 2025, the Civil Division Chief responded and indicated that the government opposes Plaintiffs' motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 20, 2025

_____
Theresa J. Lee