UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANNA BOWER, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES SOCIAL SECURITY<br>ADMINISTRATION, et al.,<br><br>        Defendants. | Civil Action No. 25-2713 (RBW) |

## **ANSWER**

Defendants, the Social Security Administration (the "Administration") and United States Citizenship and Immigrations Services ("USCIS"), by and through undersigned counsel, respectfully submit this Answer to the Complaint (ECF No. 1) filed by Plaintiffs Anna Bower, Benjamin Wittes, and the American Civil Liberties Union ("Plaintiffs") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.

To the extent the Complaint refers to or quotes from external documents, statutes or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this or any other action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1.      This paragraph consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring a cause of action under FOIA.

2–7.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

8.      Defendants admit that they each received a FOIA request from Plaintiffs on or about June 23, 2025. The remainder of this paragraph consists of Plaintiffs' characterization of their FOIA requests, to which no response is required. To the extent a response is deemed required, Defendants aver that the requests are the best evidence of their contents and respectfully refer the Court to those requests for a complete and accurate statement of their contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

9.      Defendants admit that Plaintiff requested expedited processing of their FOIA requests and a waiver of fees. The remainder of this paragraph consists of Plaintiffs' characterization of their requests, to which no response is required. To the extent a response is deemed required, Defendants aver that the requests are the best evidence of their contents and respectfully refer the Court to that request for a complete and accurate statement of their contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

10.     USCIS admits that that the Department of Homeland Security sent a response to Plaintiffs on July 14, 2025, and that it had not further responded to Plaintiff's request for expedited

processing or released any records before the date the Complaint was filed. The remainder of this paragraph consists of Plaintiff's characterization of the Department's response, to which no response is required. To the extent a response is deemed required, Defendants aver that the requests are the best evidence of their contents and respectfully refer the Court to that request for a complete and accurate statement of their contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

11.     USCIS admits that it had not issued a substantive response to the request prior to the filing of this action. Defendants further admit that USCIS had not released any records responsive to the request prior to the filing of this action.

12.     The Administration admits that it had not issued a response to Plaintiffs' request for expedited processing or released any records responsive to the request prior to the filing of this action.

13.     This paragraph consists of a request for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## JURISDICTION AND VENUE[1]

14.     This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendants admit that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

---

[1]     Merely for ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings (*see* Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

15.    This paragraph consists of legal conclusions regarding venue, to which no response is required. To the extent that a response is deemed required, Defendants admit that the Court has venue over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

## PARTIES

16–18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19.    The Administration admits that it is an agency as defined by the FOIA. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

20.    USCIS admits that it is an agency as defined by the FOIA. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

## FACTS

### Defendants' Changes to the SAVE Program

21-32. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### Statutory Framework

33-39.  These paragraphs consist of Plaintiffs' legal conclusions and characterization of a statute and a nonbinding decision of the United States District Court for the District of Vermont, to which no response is required. To the extent a response is deemed required, Defendants aver that the statute and the case are the best evidence of their contents and respectfully refer the Court

to that statute and that case for a complete and accurate statement of their contents. Defendants deny all allegations in these paragraphs to the extent they are inconsistent therewith.

**Plaintiffs' FOIA Requests**

40.    Defendants admit that they each received a FOIA request from Plaintiffs on or about June 23, 2025. Defendants lack knowledge or information as to whether Plaintiffs submitted Requests to four agencies. The remainder of this paragraph consists of Plaintiffs' characterization of their FOIA requests, to which no response is required. To the extent a response is deemed required, Defendants aver that the requests are the best evidence of their contents and respectfully refer the Court to those requests for a complete and accurate statement of their contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

41–42. These paragraphs consist of Plaintiffs' characterization of their FOIA requests, to which no response is required. To the extent a response is deemed required, Defendants aver that the requests are the best evidence of their contents and respectfully refer the Court to those requests for a complete and accurate statement of their contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

43–46. Defendants admit that Plaintiff sought expedited processing in their requests. The remainder of these paragraphs consists of Plaintiff's legal conclusions and characterizations of their requests. To the extent a response is deemed required, Defendants aver that the requests are the best evidence of their contents and respectfully refer the Court to those requests for a complete and accurate statement of their contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

46–48. Defendants admit that the requests sought a waiver and limitation of fees. The remainder of these paragraphs consist of Plaintiff's legal conclusions and characterizations of their

requests. To the extent a response is deemed required, Defendants aver that the requests are the best evidence of their contents and respectfully refer the Court to those requests for a complete and accurate statement of their contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

**Defendants' Responses**

49. The Administration admits that it sent an email to Plaintiffs on June 23, 2025. The remainder of this paragraph consists of Plaintiff's characterization of that email, to which no response is required. To the extent a response is deemed required, Defendants aver that the email is the best evidence of its contents and respectfully refer the Court to that email for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

50. The Administration admits that it sent no further communications prior to the filing of this action. On August 22, 2025, the Administration sent a letter to Plaintiff with its decisions regarding expedited processing and a fee waiver.

51. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

52. Defendant USCIS denies the allegations contained in this paragraph.

53. Defendant USCIS denies the allegations contained in this paragraph.

**54. THE ALLEGATIONS IN THIS PARAGRAPH CONSIST OF PLAINTIFFS' CONCLUSIONS OF LAW, TO WHICH NO RESPONSE IS REQUIRED. CLAIMS FOR RELIEF**

55-60. These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny that they are in violation of FOIA.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses in this answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

Plaintiffs are not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiffs' requests for relief that exceed the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiffs are neither eligible for nor entitled to attorney's fees or costs.

## FOURTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## FIFTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiffs under FOIA.

**SIXTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' responses to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

**SEVENTH DEFENSE**

Defendants reserve the right to assert additional defenses in the event any additional defenses would be appropriate because Defendants have insufficient knowledge or information on which to form a belief as to whether they have any additional, as yet unstated, defenses available.

**EIGHTH DEFENSE**

Except where the Administration has granted a fee waiver, the Administration will not begin the search for records until Plaintiffs have agreed to pay costs required under 42 U.S.C. § 1306(c). *See* 20 C.F.R. § 402.90.


Dated: September 18, 2025                           Respectfully submitted,
       Washington, DC

                                                    JEANINE FERRIS PIRRO
                                                    United States Attorney

By:  */s/ Brian J. Levy*
BRIAN J. LEVY
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6734

*Attorneys for the United States of America*