UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNA BOWER, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>U.S. SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>      Defendants. | Civ. A. No. 25-2713 (RBW) |

**MOTION TO CONTINUE STATUS CONFERENCE
DUE TO LAPSE OF APPROPRIATIONS**

      Defendants, by and through counsel, respectfully move to continue the status conference in this Freedom of Information Act matter that is currently scheduled for November 4, 2025. Pursuant to Local Civil Rule 7(m), counsel for Defendants met and conferred with counsel for Plaintiffs, who stated that Plaintiffs take no position on this motion. Undersigned counsel regrets the inconvenience to the Court and Plaintiffs occasioned by the government shutdown and its resulting effects on the assigned Assistant United States Attorney's ability to appear for a status conference at this time. Nonetheless, good cause supports the requested continuance, as stated below.

      1.    On September 23, 2025, the Court ordered the parties to appear for a status conference on November 4, 2025.

      2.    As the Court is aware, at the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The same is true for numerous other Executive agencies. The Department does not know when funding will be restored by Congress. Absent an appropriation, Department

of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

3. The undersigned is the handling attorney's supervisor, and has excepted status principally to handle emergency matters, to respond to opposing parties' communications, and to seek extensions, where necessary, for matters normally handled by the attorneys who report to him. Those attorneys collectively handle approximately 700 civil cases or more that are pending in this district. During the shutdown the undersigned has appeared for multiple other hearings in emergency matters, but to date has not been required to appear for hearings in non-emergency matters such as this one. To the contrary, in light of the shutdown's impacts on the Court and the unavailability of the Assistant United States Attorneys who normally handle the cases and who have preexisting familiarity with the case-specific facts and law, the Court has continued every scheduled hearing in non-emergency cases assigned to the undersigned's team. Further, many agency counsel and FOIA processing staff, on whom Assistant United States Attorneys rely for details of agencies' progress, likewise are furloughed. Plainly, these are not normal times.

4. The undersigned appreciates the Court's and Plaintiffs' desire to move this case forward, but in present circumstances a hearing is unlikely to be as productive as it would be if the assigned Assistant United States Attorney, who knows the case far better than the undersigned, were not furloughed and could appear for the hearing.

5. The undersigned apologizes for filing this motion on the day before the scheduled status conference. This matter was only just brought to the undersigned's attention. As the shutdown has now extended longer than nearly any other before it, regrettably notice about this hearing did not reach the undersigned earlier.

6. Defendants therefore request that the November 4, 2025, status conference be continued until after the restoration of appropriations to the Department of Justice. Defendants propose that within ten business days of the restoration of appropriations the parties meet and confer and submit a Joint Status Report to propose dates for the rescheduled status conference. This duration is warranted because the period after the end of a shutdown, regardless of its duration, tends to be chaotic, as numerous matters that were delayed during the shutdown all must be rescheduled and Assistant United States Attorneys must get back up to speed on developments that occurred on their large dockets during their absence. Defendants alternatively propose that the Court reschedule the status conference for a time convenient for the Court, but at least ten business days after the restoration of appropriations.

Dated: November 4, 2025
      Washington, DC

                                Respectfully submitted,

                                JEANINE FERRIS PIRRO
                                United States Attorney

                                By:       */s/ Peter C. Pfaffenroth*
                                      PETER C. PFAFFENROTH
                                      DC Bar No. 496637
                                      Assistant United States Attorney
                                      Deputy Chief, Civil Division
                                      601 D Street, NW
                                      Washington, DC 20530
                                      202 252-2513

                                *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANNA BOWER, et al,

    Plaintiffs,

v.

U.S. SOCIAL SECURITY ADMINISTRATION, et al.,

    Defendants.

Civ. A. No. 25-2713 (RBW)

## [PROPOSED] ORDER

Upon consideration of Defendants' motion, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that the status conference currently scheduled for November 4, 2025, is CONTINUED to a date to be determined by the Court after counsel for Defendants returns from furlough status; and it is further

ORDERED that the parties shall meet and confer and submit a Joint Status Report within ten business days of the restoration of appropriations to the Department of Justice to propose dates for the status conference.

    SO ORDERED.

_____  
Date

_____  
United States District Court Judge